USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/27/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOESEPH M. SALVINI and JFS INVESTMENTS INC.,

                  Plaintiff,

– against –

ADVFN PLC, a company incorporated under the laws of the United Kingdom,
INVESTORSHUB.COM, INC., and JOHN DOE, known herein as "brklynrusso,"

                  Defendants.

**OPINION AND ORDER**

13 CIV. 7082 (ER)

Ramos, D.J.

## I. Factual Background

Joseph M. Salvani and JFS Investments ("Plaintiffs") filed their Second Amended Complaint (the "Complaint") with this Court on January 31, 2014. Plaintiffs' Second Amended Complaint ("Compl.") (Doc. 17). The Complaint was brought against John Doe, a message-board user posting under the name 'brklnrusso', the website InvestorHub.com ("iHub"), and the company controlling iHub, ADVFN PLC (collectively "Defendants"). Compl. at ¶ 1. The Complaint alleged that Defendants iHub and ADVFN, induced content that was defamatory *per se* through the use of banners on its anonymous posting board, and that Defendant John Doe's comments on iHub were defamatory and "exposed [Plaintiffs] to hatred, contempt, ridicule and obloquy and caused financial losses." *Id*. at ¶ 26.

Plaintiffs brought claims under Section 9(a)(4) and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(a)(4), 78j(b) (together, the "Exchange Act claims"). *Id.* at ¶ 1. Plaintiffs also brought several state law claims including defamation and libel per-se, intentional infliction of emotional distress, and aiding and abetting the activities of brklynrusso. *Id.* at ¶ 9. Plaintiffs maintained that the Court had federal question jurisdiction over the Exchange Act claims and could exercise supplemental jurisdiction over the state law claims. *Id.* at ¶¶ 7, 9.

Defendants filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on February 28, 2014. (Doc. 18). At some time in February 2014, Defendants also served Plaintiffs with a Rule 11 motion for sanctions.[1] On September 23, 2014, the Court denied Defendants' motion to dismiss for lack of jurisdiction, but nevertheless dismissed the Complaint, *sua sponte* and without prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Opinion and Order ("Opinion") (Doc. 28). The Court dismissed the Exchange Act claims because Plaintiffs failed to allege all of the required elements of the claims, specifically reliance and loss causation. *Id.* at 24. The Court then ruled that it lacked jurisdiction over the remaining state law claims and dismissed without prejudice. *Id.* at 25.

On October 23, 2014, Plaintiffs appealed the Court's decision to the United States Court of Appeals for the Second Circuit. (Doc. 29). On November 5, 2015, the Second Circuit affirmed the dismissal of the Second Amended Complaint. (Doc. 32). Defendants filed their

---

[1] There is some discrepancy in the record as to when Plaintiffs were served with the motion for sanctions. Defendants, in their Reply, state that they served Plaintiff on February 26, 2014. Defendant's Reply in Support of Its Motion for Rule 11 Sanctions ("Defs.' Reply") (Doc. 39) at 3. Plaintiffs, on the other hand, state that they were served on February 16, 2014. Plaintiff's Response and Memorandum to the Motion for Rule 11 Sanctions ("Pl. Resp.") (Doc. 38) at 3. Regardless of this inconsistency, Plaintiffs do not contest that there was proper service under Rule 5, or that the service occurred at some time in February 2014.

Motion for Sanctions pursuant to Rule 11 on November 19, 2015. (Doc. 33). Defendants argued that Plaintiffs' claims were not "colorable" because they did not plead the required elements of the Exchange Act claims. Defendants' Memorandum of Law in Support of Its Motion for Rule 11 Sanctions ("Defs.' Memo") (Doc. 35) at 5, 11.

## II. Discussion

### a. Procedural Requirements under Rule 11

Plaintiffs responded to Defendants' motion by asserting that it was untimely and did not meet the procedural requirements set forth in Rule 11, Pl. Resp. at 1, arguing that the Defendants did not file the motion with this Court "despite the passage of 21 days after [Defendants'] February 16, 2014 notice to Plaintiffs." *Id.* at 3.

Rule 11(c)(2) states that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision is meant to disallow the filing of a motion for sanctions "after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003) ("This notice requirement permits the subjects of sanctions motions to confront their accuser and rebut the charges leveled against them in a pointed fashion."). Under this provision, the moving party is required to serve the motion on the opposing party at least twenty-one days before filing the motion with the Court and twenty-one days prior to a final judgement of the court. *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) ("[S]ervice of a sanctions motion after the district court has dismissed the claim or entered

judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.") (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 727 (3d ed. 2004)); *Johnson ex rel. U.S. v. The Univ. of Rochester Med. Ctr.*, 715 F. Supp. 2d 427, 429 (W.D.N.Y. 2010) (the nonmoving party must be given "notice of the alleged [Rule 11] violation and an opportunity to respond before sanctions are imposed ... [thus] a party will not be subject to sanctions [unless] it refuses to withdraw [a baseless] position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.") (quoting Fed. R. Civ. Proc. 11, Annotations on 1993 Amendments), *aff'd sub nom. Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121 (2d Cir. 2011).

Contrary to Plaintiffs' argument, there is no requirement that a moving party *file* a sanctions motion at a specific time, so long as the motion is *served* on the nonmoving party twenty-one days prior to filing the motion and the final judgment by the court. Defendants met this procedural requirement under Rule 11 when they served the motion for sanctions on Plaintiff in February 2014, approximately seven months prior to the Court's Opinion and Order on September 23, 2014, and roughly twenty-one months prior to filing motion for sanctions on November 19, 2015. (Docs. 28, 33). Further, Defendants requested and attended a pre-motion conference on January 9, 2015, during which the Court denied Defendants leave to file the motion for sanctions without prejudice, and directed them to withhold from filing "pending the [Second Circuit's] decision." (Minute Entry dated Jan. 9, 2015); Defs.' Reply at 3. Accordingly, Plaintiffs were put on notice of Defendants' intent to file a motion for sanctions, and were given adequate time to withdraw the Complaint if they wished to do so. The Court will thus proceed to the merits of the motion for sanctions.

### b. Substantive Requirements under Rule 11

Rule 11 states that the court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated...." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). The Second Circuit has made clear that Rule 11 sanctions should be granted with caution, applied only when "a particular allegation is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (S.D.N.Y. 1996)); *Kiobel v. Milson,* 592 F.3d 78, 81 (2d Cir. 2010); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) ("When reviewing Rule 11 sanctions, however, we nevertheless need to ensure that any [sanctions] decision is made with restraint.") (internal quotation marks and citation omitted)).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *Robledo v. Bond No. 9*, 965 F.Supp.2d 470, 477–78 (S.D.N.Y. 2013) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal citations and quotations omitted)). When deciding whether to grant Rule 11 sanctions the Court applies an objective standard of reasonableness, *W.K. Webster & Co. v. Am. President Lines*, Ltd., 32 F.3d 665, 670 (2d Cir. 1994), and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was "utterly lacking in support." *New V & J Produce Corp. v. NYCCaterers Inc.*, No. 13 Civ. 4861 (ER), 2014 WL 5026157, at *7 (S.D.N.Y.).

5

Here, Defendants merely rehash their arguments for why the Complaint should have been dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants rely on the proposition that federal courts lack federal-question jurisdiction where a federal claim is so "wholly insubstantial and frivolous," [2] and argue that the Exchange Act claims are not "colorable" because they were not supported by relevant precedent and because Plaintiffs did not plead the required elements. Defs.' Memo at 4-5, 11. Defendants make no further allegations that Plaintiffs have acted with the requisite unreasonableness to warrant Rule 11 Sanctions. The Court previously declined to dismiss on this basis because Plaintiffs "tracked the language" of their federal causes of action and "grounded their allegations in the elements" of the Exchange Act claims, ultimately concluding that, their federal claims were not "wholly insubstantial and frivolous." Opinion at 9–10.

While the Court ultimately dismissed the Complaint *sua sponte* under Rule 12(b)(6) for failure to allege the required elements of reliance and loss causation, the Complaint's allegations were not so defective as to warrant sanctions. Further, even if the Court had dismissed the Complaint under Rule 12(b)(1), Defendants provide no authority demonstrating that a failure to raise a substantial federal question is *per se* sanctionable. Nor has Defendant otherwise established that Plaintiffs' arguments were made in bad faith, not based on any legally tenable argument, or "utterly lacking in support." Misunderstanding the law or attempting to extend the

---

[2] *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015); (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Hannis Distilling Co. v. Mayor and City Council of Baltimore*, 216 U.S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial"); *Bailey v. Patterson*, 369 U.S. 31, 33(1962) (per curiam ) ("wholly insubstantial," "legally speaking non-existent," "essentially fictitious"); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998) ("frivolous or immaterial")); *see also Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016); *Allen v. New York City Hous. Auth.*, No.15 Civ. 00173 (ALC), 2016 WL 722186, at *4 (S.D.N.Y. Feb. 19, 2016).

law to a novel application is not an appropriate basis for sanctions. *See Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir.1999) ("The issue of sanctions brings to the surface the tension between the goal of discouraging abuse of the legal system and that of encouraging refinement of the law through the assertion of novel but non-frivolous legal theories."); *Classic Tool Design, Inc. v. Castrol Indus. N. Am., Inc.*, 58 F. Supp. 2d 313, 315 (S.D.N.Y. 1999) (declining to award sanctions where the action is nearly a "misunderstanding of the law of former adjudication..." rather than "a deliberate insult to the Court.").

The Court exercises its discretion and appropriate restraint in determining that this case does not rise to the level of a sanctionable offense.

### III. Conclusion

For the reasons stated above, Defendants' motion for sanctions is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 33. The Clerk of the Court is also respectfully directed to mail a copy of this Opinion and Order to Plaintiff.

It is SO ORDERED.

Dated:   April 27, 2016
         New York, New York

_____
Edgardo Ramos, U.S.D.J.